Dear Mr. Williams:
This office is in receipt of your request for an opinion of the Attorney General in regard to duties of Police and Fire Communications Officers who are classified employees. You indicate following a hearing by the Fire and Police Civil Service Board, they ruled that Fire Communications Officers and Police Communications Officers must be separate, but may do each others duties "incidentally". Consequently, Fire Communications Officers answer police calls and dispatch police vehicles, and Police Communications Officers answer fire phones and dispatch fire vehicles, and dispatch unclassified city barn personnel.
You question the legality of these classified employees working outside of their classification by dispatching calls for services outside their classification, and seek clarification as to what constitutes "incidental" duties.
R.S. 33:2535-2538 provides for the creation of a classified civil service system and board, and allows the board to adopt and execute rules necessary to carry out the provisions of the statutes. Under R.S. 33:2541 the classified positions are designated by the description of the primary duty and responsibility, and the board is mandated to allocate each position in the classified service to its appropriate class, R.S. 33:2544. R.S. 33:2545 states that "no employee shall be appointed, employed, or paid under any title other than that of the class to which the position occupied by him is allocated." Among the reasons in R.S. 33:2560 that authorizes the appointing authority to take disciplinary action against a classified employee is "the deliberate omission of any act that it was his duty to perform."
These provisions clearly indicate the legislative intent to have various positions in classified service with specified primary duties, and the individuals assigned to those positions have a performance obligation. We believe those are the only duties which must be undertaken. However, in answer to your question "if it is legal to work anyone outside of their classification, no matter how minor or how often it occurs", we certainly cannot say that it is illegal to perform some functions outside the classification when minor and occurring seldom, especially when collateral to the assigned position.
This conclusion is supported in part by the designation of the positions in the classified service being based upon the "primary" duty. This indicates to us there are other duties that may be expected along with the "primary" duty which would fall into the category designated as "incidental".
There is no statutory definition of what is encompassed in "incidental" duties, and we can only interpret it as generally understood in common usage. The Webster's Third New International Dictionary defines incidental as "occurring as a minor concomitant", and "concomitant" is defined as "something that accompanies or is collaterally connected with another."
Thus, our conclusion is that the a classified employee cannot be forced to perform duties unrelated to his classification, but it is not illegal to occasionally perform a function that is collaterally connected to the classified position.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0560f
cc: Paul Daly, State Examiner